**⚓ ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| CHARLES ZUBARIK, | § | |
| Plaintiff, | § | **3 05CV1491-H** |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| RUBLOFF DEVELOPMENT GROUP, INC., SUNDOWNER MESA, L.L.C. and JAMES P. FLYNN, | § | |
| | § | |
| Defendants. | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 27 2005

CLERK U.S. DISTRICT COURT
By _____
Deputy

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Rubloff Development Group, Inc. ("Rubloff"), Sundowner Mesa, L.L.C. ("Sundowner") and James P. Flynn ("Flynn")(collectively "Defendants") and, pursuant to 28 U.S.C. §1441(a), gives notice of the removal of Cause No. 05-05988-I in the 162nd Judicial District Court, Dallas County, Texas, ("State Court Action"). In support thereof, Defendants respectfully show the following:

1.       On June 21, 2005, Plaintiff Charles Zubarik ("Plaintiff") filed Plaintiff's Original Petition in the State Court Action and thereafter served Defendants on June 27, 2005 by service upon the Texas Secretary of State. As evidenced by Plaintiff's Original Petition, Plaintiff is a resident of the State of Texas, Rubloff is a resident of the State of Illinois, Sundowner is a resident of the State of Georgia and Flynn is a resident of the State of Virginia. Plaintiff seeks damages from Defendants "in excess of $2,000,000.00 and could be as high as $2,500,00.00."

**DEFENDANTS' NOTICE OF REMOVAL**                                                    **PAGE 1**

2.      This court has original jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §1332(a)(1), because: i) the matter in controversy exceeds the sum of $75,000.00; and ii) is between citizens of different states.

3.      Defendants have filed herewith copies of all pleadings filed in the State Court Action, as well as a certified copy of the trial court's docket sheet. A copy of a notice of removal shall be filed with the clerk of the state court.

Respectfully submitted,

_____
Robert F. Maris
State Bar No. 12986300
Michael J. McKleroy, Jr.
State Bar No. 24000095
MARIS & LANIER, P.C.
10440 N. Central Expressway
1450 Meadow Park, LB 702
Dallas, Texas 75231
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR DEFENDANTS
RUBLOFF DEVELOPMENT GROUP,
INC., SUNDOWNER MESA, L.L.C.
and JAMES P. FLYNN

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on the 27th day of July, 2005, to:

Peter J. Harry
David A. Buono
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
**VIA HAND DELIVERY**

_____
Robert F. Maris

882.002\removal.not.wpd

**DEFENDANTS' NOTICE OF REMOVAL**                                      **PAGE 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES ZUBARIK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| RUBLOFF DEVELOPMENT GROUP, | § | |
| INC., SUNDOWNER MESA, L.L.C. | § | |
| and JAMES P. FLYNN, | § | |
| | § | |
| Defendants. | § | |

## INDEX OF STATE COURT
## PLEADINGS IN REMOVED ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Rubloff Development Group, Inc. ("Rubloff"), Sundowner

Mesa, L.L.C. ("Sundowner") and James P. Flynn ("Flynn")(collectively "Defendants") and

provides this Index of State Court Pleadings in Removed Action:

1.     Plaintiff's Original Petition;

2.     Citation to Rubloff Development Group;

3.     Citation to Sundowner Mesa, L.L.C.;

4.     Citation to James P. Flynn;

5.     Certified Civil Docket Sheet;

6.     Defendants' Original Answer (Subject to Special Appearance); and

7.     Defendants Rubloff Development Group, Inc. and James P. Flynn's Special
      Appearance.

**INDEX OF STATE COURT PLEADINGS IN REMOVED ACTION**       **PAGE 1**

Respectfully submitted,

_RFM_

_____

Robert F. Maris
State Bar No. 12986300
Michael J. McKleroy, Jr.
State Bar No. 24000095
MARIS & LANIER, P.C.
10440 N. Central Expressway
1450 Meadow Park, LB 702
Dallas, Texas 75231
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR DEFENDANTS
RUBLOFF DEVELOPMENT GROUP,
INC., SUNDOWNER MESA, L.L.C.
and JAMES P. FLYNN

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on the 26th day of July, 2005, to:

Peter J. Harry
David A. Buono
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
**VIA HAND DELIVERY**

_RFM_

_____

Robert F. Maris

882.002\removal.idx.wpd

**INDEX OF STATE COURT PLEADINGS IN REMOVED ACTION**                **PAGE 2**

CAUSE NO. 05 - 05988

| | | |
|---|---|---|
| CHARLES ZUBARIK, Individually, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1-162nd JUDICIAL DISTRICT |
| | § | |
| RUBLOFF DEVELOPMENT GROUP, | § | |
| INC., SUNDOWNER MESA, LLC, and | § | |
| JAMES P. FLYNN, Individually, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

Comes now, Plaintiff Charles Zubarik ("Plaintiff" or "Zubarik") and files this his original petition complaining of Rubloff Development Group, Inc. ("Rubloff"), Sundowner Mesa, LLC ("Sundowner") and James P. Flynn, Individually ("Flynn") and for same would show the Court as follows:

### I. PARTIES

1.   Plaintiff is a resident of Dallas County, Texas.

2.   Rubloff is an Illinois corporation. Rubloff conducts business in Texas and/or has committed torts within Texas, but does not currently maintain a Registered Agent in this State. Service can therefore be effectuated pursuant to the Texas Civil Practices & Remedies Code, Sections 17.044 and 17.045, by serving the Secretary of State of Texas, who can in turn provide notice and service to Rubloff through its Registered Agent, Robert S. Brownson, at the address provided by the Illinois Secretary of State, located at 2800 West Higgins Road, Suite 205, Hoffman Estates, Illinois 60195.

3.   Sundowner is a Georgia limited liability company. Sundowner conducts business in Texas and/or has committed torts within Texas, but does not currently maintain a Registered

Agent in this State. Service can therefore be effectuated pursuant to the Texas Civil Practices & Remedies Code, Sections 17.044 and 17.045, by serving the Secretary of State of Texas, who can in turn provide notice and service to Sundowner through its Registered Agent, CT Corporation, at the address provided by the Georgia Secretary of State, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

4.      Flynn is an individual resident of Virginia. Flynn conducts business in Texas and/or has committed torts within Texas. Service can therefore be effectuated pursuant to the Texas Civil Practices & Remedies Code, Sections 17.044 and 17.045, by serving the Secretary of State of Texas, who can in turn provide notice and service to Flynn at his home address of 5833 Brandon Hill Loop, Haymarket, Virginia 20169.

## II. Jurisdiction and Venue

5.      The Court has jurisdiction over this matter as this is an action for damages in excess of the minimum jurisdictional limits of the Court. Venue is proper in Dallas County, Texas, pursuant to Texas Civil Practice and Remedies Code § 15.002, because a substantial amount of the events giving rise to the claims arose in Dallas County, including without limitation, Dallas County is the place where the agreements referenced herein were made, where Plaintiff did much of the work for which he claims compensation, and is the place where damages were incurred.

## III. Facts Common to All Causes of Action

6.      Plaintiff has long been involved in the transportation industry and is intimately familiar with air freight and air transportation in particular. For some years, he was the head of air freight transportation for Emory Worldwide and became knowledgeable about all aspects of the air freight business.

7.     Beginning in the year 2000, he became specifically involved with and specialized in the area of handling programs for the transportation of prisoners under the United States Federal Marshall's Prisoner Transportation Programs. To this end he formed a corporation called Prisoner Transportation Services and actively sought to bid on and obtain contracts for U.S. Marshall prisoner transportation. These Marshall's contracts, generally, involved agreements where companies such as Prisoner Transportation Services would provide aircraft for the interstate and international transportation of prisoners and illegal aliens being handled by the U.S. Marshall services.

8.     Beginning approximately three (3) years ago, Mr. Zubarik began the bidding process to obtain U.S. Marshall's contract looking in several places. To this end, and in conjunction with an individual named Owen Schuler, Plaintiff sought and obtained the granting of the contract for the Mesa, Arizona prisoner transportation program. The Corporation which was awarded this contract was wholly owned by Mr. Schuler (Metscan Technologies) but did business for purposes of pursuing the Marshall's contract under the name of Prisoner Transportation Services, at the request and by permission of Plaintiff.

9.     Plaintiff would show that it was solely due to his extensive experience in the air freight and air transportation business which allowed Prisoner Transportation Services to obtain the Marshall's contract in June, 2004.

10.    As soon as the contract was awarded, Plaintiff, who was the only other employee of Prisoner Transportation Services other than Mr. Schuler, set about to hire mechanics, managers and finalize aircraft leases and aircraft heavy checks / modifications necessary to fulfill the U.S. Marshall's contracts.

---

DAL:626014.1
52685.2

11.     As an employee of PTS, Plaintiff had an agreement with Mr. Schuler that he would be paid $10,000 per month plus thirty percent (30%) benefits for his role in being the person responsible for the bidding, winning, set up activities and administration of the contract. He was also contemplated that a small office would be set up in Dallas to act as a central point for the management of the Contract and as a record keeping facility. In addition to the above, there was a specific agreement between Plaintiff and Schuler that as part of his efforts, Plaintiff would be entitled to 20% of the pre-taxed profits flowing from the contract. In the fall of 2004, the parties conservatively estimated that for the first year and for expected two (2) years of renewals of the Arizona contract the total profits would be in excess of $6,500,000.

12.     After the contract had been awarded and Plaintiff was in the process of finalizing aircraft leasing, employee retention and setting up the pre-contract heavy aircraft maintenance, Schuler was secretly negotiating with Rubloff to sell his position in the contract for $1,000,000. Even though Schuler had no expertise in the business and had put almost none of his own money into the transaction, on information and belief did receive $1,000,000 from Rubloff for assigning the contract from PTS to Rubloff.

13.     When confronted with this transaction, Plaintiff was assured at various times by agents and officer of Rubloff and Flynn that his agreement with Schuler would be honored.

14.     During this time what was absolutely vital to Flynn and the officers of Rubloff that Zubarik be kept in the agreement as the operator of PTS because he was the only one who had the expertise, total knowledge and context to develop, set up and run the operation at a profit and it was on the basis of his knowledge and expertise that the contract had been awarded to PTS in the first place.

---

PLAINTIFF'S ORIGINAL PETITION                                                                    PAGE 4

DAL:626014.1
52685.2

15.　Nonetheless, Rubloff and the entity to which it ultimately assigned the PTS Mesa, Arizona Marshall's contract, Sundowner, could not keep the contract unless the government agreed to a novation of the original award won by Mr. Zubarik. To this end, the Defendants together with an employee of Rubloff named William Gray, made repeated promises to Mr. Zubarik that he would be kept in charge of the administration of the contract pursuant to the same terms as the agreement worked out with Mr. Schuler. As was later demonstrated, however, the Defendants had never formed an intent to keep Mr. Zubarik in the company beyond a point in time when Zubarik had set up the operation of the contract and had gotten the government novation approved.

16.　Despite Mr. Zubarik's repeated demands that the Defendants put their promises in writing to him, they delayed as much as possible providing even a draft of the proposal. Nonetheless, they deluded Plaintiff by actually placing him on the payroll of PTS/Sundowner and began paying him at the $10,000 rate starting December 1, 2004.

17.　In an effort to convince the U.S. Marshall Service that the novation would continue the prior involvement of Mr. Zubarik, Defendants caused Plaintiff to attend meetings with the government contract's officers responsible for approving the novation and at which meetings, Mr. Zubarik was represented as being the person who would administer the contracts per the original intent of the parties.

18.　After the novation was awarded, the Defendants for the first time sent the draft of an Employment Agreement to Mr. Zubarik. However, contrary to their prior representations it was not an Employment Agreement but a Consulting Contract which could be terminated by the Defendants and gave Plaintiff none of the protections that he had under the original agreement with Mr. Schuler.

F.

19.    As part of the plan to force out Mr. Zubarik, on or about February 3rd Mr. Flynn sent a letter to Zubarik terminating him as an "employee" and proposing that he had to accept the consultant position. Under the circumstances and based upon the promises that had been made, this termination was wrongful and caused Plaintiff to be damaged in his business opportunities as well as the financial impact.

20.    In addition, in drafts which were finally prepared and circulated by the Defendants, they for the first time proposed that Mr. Zubarik would have to enter into a non-compete agreement on future U.S. Marshall Service contracts if he were to accept the proposal of the Defendants to even operate as a consultant. Plaintiff, now in a position where he was not aware of the plans that the Defendants had, agreed to accept the consultant's position as long as the $10,000 per month was kept in addition to $3,000 to cover benefits, the small Dallas office was approved and he would be entitled to 20% of the pre-tax profits of the Marshall's contract with the ability to audit the books and records of the company to verify that there was not improper suppression of profits by the Defendants. However, he flatly rejected the non-compete agreement as not having been pat of his original agreement.

21.    Notwithstanding the foregoing, Defendants have stopped communicating with Mr. Zubarik and have notified the relevant parties with which Sundowner does business that he is no longer employed by and representing Sundowner on the contract, notwithstanding the fact that it is only through his efforts and work that Sundowner and Rubloff have the business. Moreover, despite the fact a non-compete agreement was never part of his agreement with Mr. Schuler and never demanded of Plaintiff until after he had been "terminated" as an employee and had successfully assisted Rubloff obtaining a novation of the Marshall's contract, it appears that Defendants now intend not to honor the terms of the agreement but to unlawfully and

fraudulently keep the benefits of the Marshall's contract which had been won through the efforts of Plaintiff.

## IV. BREACH OF CONTRACT

22. Plaintiff incorporates 1-21 above by reference for all purposes.

23. Plaintiff would show that the Defendants breached their agreement with Plaintiff by wrongfully terminating him despite the fact that they had agreed to honor his employment contract with PTS at the time that they received an assignment of the contract from Mr. Schuler

24. Plaintiff sues for the damages he would have received pursuant to this agreement for the term of the contract plus any extension thereof. Plaintiff, based upon the cast projections which he had made in the Fall of 2004 believes that these damages are somewhat in excess of $2,000,000 and could be as high as $2,500,00.

## V. FRAUD

25. Plaintiff incorporates paragraph 1-24 by reference for all purposes herein.

26. Plaintiff would show that the Defendants made material misrepresentations to him for the purpose of inducing him to assist them in the successful contract set up, assignment and subsequent novation of the Marshall's contract that had been awarded to PTS while he was the operational manager thereof. But for the Defendant's promises that he would be paid under the original contract with Mr. Schuler, that he would be in charge of the administration of the contract as had been represented to the government, and that the Defendant's were in the process of preparing his employment contract from October – January 2005, Plaintiff would not have assisted the Defendants in the takeover of the Arizona Marshall's contract.

27. Plaintiff sues for his damages in an amount in excess of the jurisdictional limits of the Court.

PLAINTIFF'S ORIGINAL PETITION                               PAGE 7

## VI. UNJUST ENRICHMENT

28.     Plaintiff incorporates paragraphs 1-27 above same as if fully copied and set forth at length.

29.     Plaintiff would show that the Defendants, that each of them would be unjustly enriched as a result of the efforts that Mr. Zubarik made to hire employees, set up insurance, finalize aircraft leases, set up the maintenance program support, manage the aircraft pre-contract heavy maintenance modifications and checks, and facilitate the novation of the contract from Metscan Technologies to a "new" PTS, LLC out of Georgia. As a result of the efforts of Plaintiff, the Defendants stand to be enriched by $6,500,000 to $10,000,0000 over the next three (3) years.

30.     Plaintiff sues for his damages for unjust enrichment in an amount in excess of the jurisdictional limits of the Court.

## VII. PUNITIVE DAMAGES

31.     Plaintiff incorporates paragraphs 1-30 above by reference for all purposes.

32.     Plaintiff would show that the actions of the Defendants were knowing, willful and calculated to mislead the Defendant, while taking advantage of his hard work and expertise in getting the contracts up and running and the novation sold to the United States government. It is obvious from the actions of the Defendants, both in the sense that they made continuing misrepresentations to Plaintiff that they would honor the Schuler contract, that they were in the process of preparing his employment contract for Sundowner and that he would be in charge of the contract administration of the Arizona contract, that they never intended to fulfill those promises and only kept the Plaintiff in the position that they did in order to prevent him from

---

DAL:626014.1
52685.2

leaving Sundowner voluntarily before the contract had been operationally set up, was performing for the U.S. Marshall's customer, and the novation successfully secured.

33.   As a result, Plaintiff sues for exemplary damages against Defendants jointly and severally in an amount in excess of the minimum jurisdictional limits of the Court.

## VIII.

34.   Plaintiff would show that it was necessary to hire the firm of Brown McCarroll, LLP to represent him in this matter, to which he has agreed to pay a reasonable attorneys fee. Pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, Plaintiff sues for his reasonable attorneys fees through the trial of this case, and in the event of an appeal to the intermediate or Texas Supreme Courts.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein and that on final trial hereof, Plaintiff have judgment for the following:

      (a)   damages for breach of contract in an amount of at least $2,000,000.00 in direct damages,

      (b)   damages for fraud as prayed for herein,

      (c)   damages for unjust enrichment as prayed for herein,

      (d)   punitive damages in an amount to be determined by the Court,

      (e)   prejudgment and post judgment interest on the above sums at the highest legal rate,

      (f)   reasonable attorneys fees as prayed herein, and

      (g)   such other and further relief as to which Plaintiff may show himself justly entitled both at law or in equity, both special and general.

Respectfully submitted,

BROWN MCCARROLL, L.L.P.

Peter J. Harry
State Bar No. 09134600

David A. Buono
State Bar No. 24001806

2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (fax)

ATTORNEY FOR PLAINTIFF

FORM NO. 353-4—CITATION

# THE STATE OF TEXAS

To:    RUBLOFF DEVELOPMENT GROUP,INC., THROUGH ITS REGISTERED
AGENT, ROBERT S. BROWNSON BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079
AUSTIN, TX, 78711

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and   petition, a default judgment may
be taken against you.  Your answer should be addressed to the clerk of the **162ND** Judicial District
Court at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF**  being **CHARLES ZUBARIK, INDIVIDUALLY**
Filed in said Court on the **21ST DAY OF JUNE 2005** against

**RUBLOFF DEVELOPMENT GROUP,INC., ETAL**

For suit, said suit being numbered **DV05-05988-I**, the nature of which demand is as follows:
Suit On **CONTRACT**, etc.
as shown on said petition  , a copy of which accompanies this citation. If this citation is not served, it
all be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County, Texas
Given under my hand and the Seal of said Court at office this the **22ND DAY OF JUNE 2005**
ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
**EVETTE LAMB**

---

## CITATION

No.: **DV05-05988-I**

**CHARLES ZUBARIK,
INDIVIDUALLY**
Vs.
**RUBLOFF DEVELOPMENT
GROUP,INC., ETAL**

ISSUED
This **22ND DAY OF JUNE 2005**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **EVETTE LAMB**, Deputy

Attorney for : **PLAINTIFF**

**PETER J. HARRY
2000 TRAMMELL CROW CENTER
2001 ROSS AVENUE
DALLAS, TX 75201
214-999-6100**

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

CN05008451

FORM NO. 353-4—CITATION

# THE STATE OF TEXAS

To:   SUNDOWNER MESA, LLC., THROUGH ITS REGISTERED AGENT CT
CORPORATION BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079
AUSTIN, TX, 78711

GREETINGS:

You have been sued.   You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and   petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162ND** Judicial District Court at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF**  being **CHARLES ZUBARIK, INDIVIDUALLY**
Filed in said Court on the **21ST DAY OF JUNE 2005** against

**RUBLOFF DEVELOPMENT GROUP,INC., ETAL**

For suit, said suit being numbered **DV05-05988-I**, the nature of which demand is as follows:
Suit On **CONTRACT**, etc.
as shown on said petition  , a copy of which accompanies this citation, If this citation is not served, it all be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas
Given under my name and the Seal of said Court at office this the **22ND DAY OF JUNE 2005**
ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas, County, Texas

By ___Evette Harris___ , Deputy
            **EVETTE LAMB**

---

ATTY (SOS)

RECEIVED
# CITATION
05 JUN 24 AM 9:19

C No.: **DV05-05988-I**

**CHARLES ZUBARIK,**
**INDIVIDUALLY**
Vs.
**RUBLOFF DEVELOPMENT**
**GROUP,INC., ETAL**

ISSUED

This **22ND DAY OF JUNE 2005**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **EVETTE LAMB**, Deputy

Attorney for : **PLAINTIFF**

**PETER J. HARRY**
**2000 TRAMMELL CROW CENTER**
**2001 ROSS AVENUE**
**DALLAS, TX 75201**
**214-999-6100**

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

CM05008452

FORM NO. 353-4—CITATION

## THE STATE OF TEXAS

To:  JAMES P. FLYNN, THROUGH ITS REGISTERED AGENT CT
     CORPORATION BY SERVING THE SECRETARY OF STATE
     OFFICE OF THE SECRETARY OF STATE
     CITATIONS UNIT - P.O. BOX 12079
     AUSTIN, TX, 78711

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and  petition, a default judgment may
be taken against you.  Your answer should be addressed to the clerk of the **162ND** Judicial District
Court at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **CHARLES ZUBARIK, INDIVIDUALLY**
Filed in said Court on the **21ST DAY OF JUNE 2005** against

**RUBLOFF DEVELOPMENT GROUP,INC, ETAL**

For suit, said suit being numbered **DV05-05988-I**, the nature of which demand is as follows:
Suit On **CONTRACT,** etc.
as shown on said petition  , a copy of which accompanies this citation.  If this citation is not served, it
all be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office this the **22ND DAY OF JUNE 2005**
ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas, County, Texas
                    By _____, Deputy
                        **EVETTE LAMB**

---

ATTY (SOS)

## CITATION

No.: **DV05-05988-I**

**CHARLES ZUBARIK,
INDIVIDUALLY**
Vs.
**RUBLOFF DEVELOPMENT
GROUP,INC., ETAL**

ISSUED
This **22ND DAY OF JUNE 2005**

JIM HAMLIN
Clerk of District Courts,
Dallas County, Texas

By **EVETTE LAMB**, Deputy

---

Attorney for : **PLAINTIFF**

**PETER J. HARRY
2000 TRAMMELL CROW CENTER
2001 ROSS AVENUE
DALLAS, TX 75201
214-999-6100**

---

DALLAS COUNTY CONSTABLE

FEES
PAID          FEES NOT
              PAID

PLAINTIFF NAME          PLAINTIFF ATTORNEY            FILE DATE        CASE NO

ZUBARIK CHARLES          HARRY P                      6/21/05          05-05988-I

                         09134600

DEFENDANT NAME           DEFENDANT ATTORNEY           TYPE OF CASE

RUBLOFF DEVELOPMENT GROUP   MARIS R                   CONTRACT

                         12986300

DISPOSITION        COST AGAINST        DATE      REFERENCE      JUDGEMENT AMT

              TRUST FUND BALANCE            STATUS

                                       ACTIVE

| PLAINTIFF NAME | | PLAINTIFF ATTORNEY | | | | FILE DATE | | CASE NO |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ZUBARIK CHARLES | | HARRY P | | | | 6/21/05 | | 05-05988-I |

| TRANS DT | TRANS DESCRIPTION | REFRNCE | P/D | CD | NON-FEE | DEPOSITS | CHARGES |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 6/21/05 | BROWN MCCARROLL LLP | 37591 | P | 10 | | 211.00 | |
| 6/21/05 | STATE INDIGENCE | | P | 12 | | | 10.00 |
| 6/21/05 | DC RECORDS MGT FEE | | P | 17 | | | 5.00 |
| 6/21/05 | SECURITY FEE | | P | 26 | | | 5.00 |
| 6/21/05 | RECORD MGT FEE | | P | 27 | | | 5.00 |
| 6/21/05 | CLERKS FEE | | P | 31 | | | 50.00 |
| 6/21/05 | COURT RPT SVC FEE | | P | 33 | | | 15.00 |
| 6/21/05 | LAW LIBRARY FUND | | P | 36 | | | 15.00 |
| 6/21/05 | APPELLATE FUND | | P | 52 | | | 5.00 |
| 6/21/05 | STATE JUDICIAL FEE | | P | 53 | | | 40.00 |
| 6/21/05 | MEDIATION FUND | | P | 55 | | | 10.00 |
| 6/21/05 | FACILITY FEE | | P | 60 | | | 15.00 |
| 6/22/05 | CIT & 2 SOS/ATTY | | P | 31 | | | 12.00 |
| 6/22/05 | CIT & 2 SOS/ATTY | | P | 31 | | | 12.00 |
| 6/22/05 | CIT & 2 SOS/ATTY | | P | 31 | | | 12.00 |
| 6/22/05 | CIT & 2 SOS/ATTY | | P | 31 | | | 12.00 |
| 7/12/05 | RET CIT TRAVIS | | P | 51 | | | |
| 7/12/05 | RET CIT TRAVIS | | P | 51 | | | |
| 7/12/05 | RET CIT TRAVIS | | P | 51 | | | |
| 7/12/05 | RET CIT PAID | | P | 59 | | | |

| PLAINTIFF NAME | PLAINTIFF ATTORNEY | | | FILE DATE | CASE NO |
|---|---|---|---|---|---|
| ZUBARIK CHARLES | HARRY P | | | 6/21/05 | 05-05988-I |

| TRANS DT | TRANS DESCRIPTION | REFRNCE | P/D | CD | NON-FEE | DEPOSITS | CHARGES |
|---|---|---|---|---|---|---|---|
| 7/12/05 | RET CIT PAID | | P | 59 | | | |
| 7/12/05 | RET CIT PAID | | P | 59 | | | |
| 7/19/05 | SPEC APPEARANCE | | D | 31 | | | |
| 7/19/05 | ORIG ANS-RUBLOFF DE | 01 | D | 31 | | | |
| 7/19/05 | ATTY-MARIS ROBERT F | 02 | D | 31 | | | |

```
                        *'*** CASE TOTALS '****
TOTAL GROSS CASE COSTS           223.00    NON-FEE ACCTS.              .00

                                           COUNTY DEPOSITS         211.00

                                           COUNTY CHARGES          223.00

                  CASE BALANCE             12.00 DUE

¢CT10 3
```



CAUSE NO. 05-05988-I

FILED

| | | |
|---|---|---|
| CHARLES ZUBARIK, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | 162nd JUDICIAL DISTRICT |
| | § | |
| RUBLOFF DEVELOPMENT GROUP, | § | |
| INC., SUNDOWNER MESA, L.L.C. | § | |
| and JAMES P. FLYNN, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER
## (SUBJECT TO SPECIAL APPEARANCE)

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Rubloff Development Group, Inc. ("Rubloff"), Sundowner

Mesa, L.L.C. ("Sundowner") and James P. Flynn ("Flynn")(collectively "Defendants") and,

***subject to the Special Appearance filed by Rubloff and Flynn concurrently***

***herewith,*** file this answer to the claims for affirmative relief filed by Plaintiff Charles

Zubarik ("Plaintiff"). In support thereof, Defendants respectfully show this Honorable

Court the following:

I.

General Denial

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants

generally deny each and every allegation contained in the petition filed by Plaintiff, or any

subsequently amended or supplemental pleading, and demands strict proof thereof by a

preponderance of credible evidence.

**DEFENDANTS' ORIGINAL ANSWER**
**(SUBJECT TO SPECIAL APPEARANCE)**                          **PAGE 1**

## II.

### Affirmative Defenses

2.    <u>Statute of Frauds</u>. Pleading further, and in the alternative, Defendants assert that Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

3.    <u>Failure of Condition Precedent</u>. Pleading further, and in the alternative, Defendants assert that Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to perform all conditions precedent to recovery.

## III.

### Prayer

WHEREFORE, premises considered, Defendants, ***subject to the Special Appearance filed by Rubloff and Flynn concurrently herewith***, respectfully request that Plaintiff take nothing by way of their claims for affirmative relief against Defendants and that Defendants be granted any and all of the relief against Plaintiff to which they are entitled as pleaded herein or to which they may show themselves justly entitled.

Respectfully submitted,

MARIS & LANIER, P.C.

_____
Robert F. Maris
State Bar No. 12986300
Michael J. McKleroy, Jr.
State Bar No. 24000095
10440 N. Central Expressway
1450 Meadow Park, LB 702
Dallas, Texas 75231
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR DEFENDANTS
RUBLOFF DEVELOPMENT GROUP,
INC., SUNDOWNER MESA, L.L.C.
and JAMES P. FLYNN

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with Rule 21a of the Texas Rules of Civil Procedure on the 18th day of July, 2005, to:

Peter J. Harry
David A. Buono
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
**VIA FACSIMILE NO. 214-999-6170
AND VIA CERTIFIED MAIL RECEIPT
NO. 7004 2890 0001 6540 2453**

_____
Robert F. Maris

**DEFENDANTS' ORIGINAL ANSWER
(SUBJECT TO SPECIAL APPEARANCE)**

PAGE 3

CAUSE NO. 05-05988-I

| | | |
|---|---|---|
| CHARLES ZUBARIK, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | 162nd JUDICIAL DISTRICT |
| | § | |
| RUBLOFF DEVELOPMENT GROUP, | § | |
| INC., SUNDOWNER MESA, L.L.C. | § | |
| and JAMES P. FLYNN, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

*FILED*

## DEFENDANTS RUBLOFF DEVELOPMENT GROUP, INC. AND JAMES P. FLYNN'S SPECIAL APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Rubloff Development Group, Inc. ("Rubloff") and James

P. Flynn ("Flynn")(collectively "Defendants") and, under the authority of Rule 120a of the

Texas Rule of Civil Procedure, hereby specially appears in this case for the sole purpose of

objecting to the jurisdiction of the court over the persons of Defendants. In support thereof,

Defendants respectfully show this Honorable Court the following:

I.

Procedural Note

1.    This special appearance is made to the entire proceeding.

2.    This special appearance is filed prior to any motion to transfer or any other

plea, pleading, or motion filed by Defendants.

## II.

## Facts Supporting Relief Sought

3.     Defendants are not residents of the State of Texas.  Rubloff is a resident of the State of Illinios and Flynn is a resident of the State of Virginia.  Defendants were not served with the Plaintiff's Original Petition in the State of Texas.  Plaintiff's Original Petition appears to allege that Defendants are liable to Plaintiff under an oral employment agreement between Plaintiff and Metscan—not a party to this litigation—and/or Plaintiff and Defendant Sundowner Mesa, L.L.C. ("Sundowner"), a Georgia corporation.  Plaintiff does not allege, nor could he, that there was a contractual relationship between Plaintiff and Defendants that was entered into, or to be performed, in whole or in part, in the State of Texas.

4.     The Court does not have jurisdiction over Defendants because Defendants are not amenable to process issued by the courts of Texas in that:

    a.     Defendants have committed no tort on Plaintiff, in whole or in part, in the State of Texas;

    b.     Defendants did not enter into any contract with Plaintiff to be performed in whole or in part in the State of Texas;

    c.     Defendants are not residents of Texas and are not required to maintain and do not maintain a registered agent for service in Texas;

    d.     Defendants do not maintain a place of business in the State of Texas, and have no employees, servants, or agents within the state;

    e.     Defendants do not engage in, nor has they engaged in, business in the State of Texas in the capacities in which they have been sued; and

**DEFENDANTS RUBLOFF DEVELOPMENT GROUP,**
**INC. AND JAMES P. FLYNN'S SPECIAL APPEARANCE**

      f.     Defendants were not served with process in the State of Texas.

5.     Defendants have no minimum contacts, either specific or general, with the State of Texas. However, even if they did have minimum contacts with Texas, the exercise of jurisdiction on Defendants would offend traditional notions of substantial justice and fair play.

### III.

### Arguments & Authorities

6.     In support of its claim for jurisdiction, Plaintiff contends that Defendants "conduct[s] business in Texas and/or ha[ve] committed torts within Texas." Personal jurisdiction can be either specific or general. *C.S.R. Ltd.*, 925 S.W.2d at 595. Specific jurisdiction occurs when the cause of action arises out of the defendant's minimum contacts with the forum state. *Id.* General jurisdiction occurs when a nonresident defendant's contacts are continuous and systematic, allowing the forum state to exercise jurisdiction over the defendant even if the cause of action did not arise out of the contacts with the state. *Id.* General jurisdiction requires more substantial contact with the forum state. *Id.* After determining that the nonresident defendant has satisfied the minimum contacts requirement, the second part of the constitutional test requires that the maintenance of the suit would not offend "traditional notions of fair play and substantial justice." *Id.*

7.     Defendants deny that Texas courts have jurisdiction over them because they did not purposefully establish minimum contacts with Texas. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594-95 (Tex.1996). Specifically, Defendants deny that they has had any, or enough, contacts with Texas to justify a Texas court claiming specific or general jurisdiction of him.

**DEFENDANTS RUBLOFF DEVELOPMENT GROUP,**
**INC. AND JAMES P. FLYNN'S SPECIAL APPEARANCE**           **PAGE 3**

8.     In reading Plaintiff's Original Petition as a whole, Plaintiff's jurisdiction arguments seems to rest solely upon a purported clause in the oral agreement allegedly entered into between Plaintiff and Metscan that "contemplated" that a small office would be set up in Dallas to act as a central point for the management of Prisoner Transportation Services ("PTS").

9.     In contrast, Plaintiff alleges no act by Defendants taking place or giving rise to the specific jurisdiction in the State of Texas against Defendants.[1] Therefore, there is no sufficient basis for specific jurisdiction of Defendants in the State of Texas. Further, there are no allegations providing a sufficient basis for general jurisdiction of Defendants in the State of Texas.

10.     In the present case, the exercise of jurisdiction by this court over Defendants would offend traditional notions of fair play and substantial justice, depriving Defendants of due process as guaranteed by the Constitution of the United States. Defendants have not availed themselves to the privilege of conducting activities or business in the State of Texas, nor has they established what would be considered minimum contacts in the state under Texas law.  In determining whether the exercise of jurisdiction will offend traditional notions of fair play and substantial justice, Courts focus on:

> "(1)the burden on the defendant, (2) the interests of the forum
> state in adjudicating the dispute, (3) the plaintiff's interest in
> obtaining convenient and effective relief, (4) the interstate
> judicial system's interest in obtaining the most efficient
> resolution of controversies, and (5) the shared interest of the

---

[1] An individual's contacts on behalf of a corporation do not generally give rise to personal jurisdiction over the person. *See Leon, Ltd. v. Albuquerque Commons Partnership*, 862 S.W.2d 693 (Tex. App.–El Paso 1993, no pet.)(citing *Stuart v. Spademan*, 772 F.2d 1185, 11997 (5th Cir. 1985); *Garner v. Furmanite Australia Pty., Ltd.*, 966 S.W.2d 798, 803 (Tex. App.–Houston [1st Dist] 1998, pet. denied); *Royal Mortg. Corp. v. Montague*, 41 S.W.3d 721, 738 (Tex. App.–Ft. Worth 2001, no pet.).

**DEFENDANTS RUBLOFF DEVELOPMENT GROUP,**
**INC. AND JAMES P. FLYNN'S SPECIAL APPEARANCE**                                          **PAGE 4**

several states in furthering fundamental substantive social policies.

11.     The facts in this case do not warrant the exercise of jurisdiction over Defendants. It would be burdensome for Defendants to be required to appear in the State of Texas to defend this suit. Further, there is no more interest by the State of Texas in adjudicating this dispute than the states of Illinios, Virginia, or even Georgia. In addition, there are no facts known to Defendants that suggest that Plaintiff could not obtain convenient and effective relief in another forum that may have jurisdiction over Defendants. Finally, Defendants suggest that the interest of furthering fundamental substantive social policies outweighs the interest of obtaining the most efficient resolution of controversies. That is, to subject Defendants to personal jurisdiction in the State of Texas based upon the allegations set forth in Plaintiff's Original Petition may be efficient to Plaintiff, but it would undermine the constitutional safeguards by subjecting Defendants, or other parties similarly situated, to jurisdiction in the State of Texas under circumstances that could not have been contemplated by Defendants.

12.     For the reason that there is no sufficient basis to assert personal jurisdiction over Defendants or, in the alternative, that the assertion of same would offend the traditional notions of fair play and substantial justice, Defendants' special appearance should be sustained and the causes of action against Defendants dismissed.

IV.

Prayer

WHEREFORE, premises considered, Defendants request that the Court grant this motion and dismiss all claims assert against him for want of jurisdiction.

Respectfully submitted,

MARIS & LANIER, P.C.


_____

Robert F. Maris
State Bar No. 12986300
Michael J. McKleroy, Jr.
State Bar No. 24000095
10440 N. Central Expressway
1450 Meadow Park, LB 702
Dallas, Texas 75231
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR DEFENDANT
JAMES P. FLYNN


## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with Rule 21a of the Texas Rules of Civil Procedure on the 18th day of July, 2005, to:

Peter J. Harry
David A. Buono
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
**VIA FACSIMILE NO. 214-999-6170
AND VIA CERTIFIED MAIL RECEIPT
NO. 7004 2890 0001 6540 2453**

_____

Robert F. Maris


882.002\appear.spc.wpd

**DEFENDANTS RUBLOFF DEVELOPMENT GROUP,
INC. AND JAMES P. FLYNN'S SPECIAL APPEARANCE**                    **PAGE 6**

**VERIFICATION**

STATE OF _Illinois_     §
                                §
COUNTY OF _Winnebago_    §

       Before me, the undersigned Notary Public, on this day personally appeared _Mark A. Robinson_ the duly authorized representative of Defendant Rubloff Development Group, Inc. ("Defendant"), and after being duly sworn stated under oath that that he has read the above Special Appearance and that every statement contained in its is within his personal knowledge and is true and correct.

                                RUBLOFF DEVELOPMENT GROUP, INC.

                                By: _Mark A. Robinson_
                                Its: _President_

SUBSCRIBED AND SWORN TO BEFORE ME ON _18_ day of July, 2005.

                                                         

                                  _____
"OFFICIAL SEAL"
DENICE A. KRUSEMEIER
Notary Public, State of Illinois              Notary Public in and for the
My Commission Expires 12/09/07      State of _Illinois_

# VERIFICATION

STATE OF _Virginia_                                   §
                                                     §
COUNTY OF _Prince William_                           §

Before me, the undersigned Notary Public, on this day personally appeared James P. Flynn, and after being duly sworn stated under oath that he is the defendant named in this lawsuit, that he has read the above Special Appearance and that every statement contained in its is within his personal knowledge and is true and correct.

_[signature]_
James P. Flynn

SUBSCRIBED AND SWORN TO BEFORE ME ON ___18th___ day of July, 2005.

_[signature]_
Notary Public in and for the
State of _Virginia_
My Commission Expires 4-30-06

DEFENDANTS RUBLOFF DEVELOPMENT GROUP,
INC. AND JAMES P. FLYNN'S SPECIAL APPEARANCE                    PAGE 8

CAUSE NO. 05-05988-I

| | | |
|---|---|---|
| CHARLES ZUBARIK, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | 162nd JUDICIAL DISTRICT |
| | § | |
| RUBLOFF DEVELOPMENT GROUP, | § | |
| INC., SUNDOWNER MESA, L.L.C. | § | |
| and JAMES P. FLYNN, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## **FIAT**

Please take notice that Defendants' Special Appearance will be scheduled for hearing on the _____ day of _____, 2004 at _____:_____ ___.m. in the 162nd District Court of Dallas County, Texas.


_____

JUDGE PRESIDING
(or Clerk of the Court)


**DEFENDANTS RUBLOFF DEVELOPMENT GROUP,**
**INC. AND JAMES P. FLYNN'S SPECIAL APPEARANCE**                    **PAGE 9**

**ORIGINAL**

℁ JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL RECEIVED
JUL 2 7 2005
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Dallas

**I. (a) PLAINTIFFS**
Charles Zubarik

**DEFENDANTS**  3 05CV1491-H
Rubloff Development Group, Inc.
Sundowner Mesa, L.L.C.
James P. Flynn

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ____Cook County, Ill.____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Peter J. Harry, Brown McCarroll, L.L.P., 2000 Trammell Crow Center, 2001 Ross Avenue, Dallas, Tx 75201, (214)999-6100

Attorneys (If Known)
Robert F. Maris, Maris & Lanier, P.C., 10440 N. Central Expressway, Suite 1450, Dallas, Tx 75231, (214)706-0920

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332,1441(a)
Brief description of cause:
Breach of contract, fraud, unjust enrichment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE
July 27, 2005

SIGNATURE OF ATTORNEY OF RECORD
_RFM_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

ORIGINAL

ORIGINAL

# United States District Court
# Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed From State Court

3 05 CV 1491 - H

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

RECEIVED
JUL 27 2005
CLERK, U S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

1. **State Court Information:**

| **Court** | **Case Number** |
|---|---|
| 162nd District Court of Dallas County, Texas | 05-05988-I |

2. **Style of the Case:**

Charles Zubarik, Plaintiff, v. Rubloff Development Group, Inc., Sundowner Mesa, L.L.C. and James P. Flynn, Defendants.

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| **Plaintiff:** | |
| Charles Zubarik | Peter J. Harry<br>State Bar No. 09134600<br>David A. Buono<br>State Bar No. 24001806<br>BROWN MCCARROLL, L.L.P.<br>2000 Trammell Crow Center<br>2001 Ross Avenue<br>Dallas, Texas 75201<br>214-999-6100 telephone<br>214-999-6170 facsimile |

**Defendants:**

Rubloff Development Group, Inc.
Sundowner Mesa, L.L.C.
James P. Flynn

Robert F. Maris
State Bar No. 12986300
Michael J. McKleroy
State Bar No. 24000095
MARIS & LANIER, P.C.
10440 N. Central Expressway
Suite 1450, LB 702
Dallas, Texas 75231
214-706-0920 telephone
214-706-0921 facsimile

**3.    Jury Demand:**

Was a Jury Demand made in State Court?          __ Yes          X  No

**4.    Answer:**

Was an Answer made in State Court?          X Yes          ____ No

If "*Yes*," by which party and on what date?

Defendants Rubloff Development Group, Inc., Sundowner Mesa, L.L.C., and James P. Flynn filed their answer in the 162nd Judicial District Court of Dallas County, Texas on July 19, 2005.

**5.    Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                    **Reason(s) for No Service**

None.                        N/A

**6.    Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                    **Reason**

None.                        N/A

**SUPPLEMENTAL CIVIL COVER SHEET**                          **PAGE 2**

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| <u>Party</u> | <u>Claim(s)</u> |
|---|---|
| **Plaintiff** | Breach of contract, fraud and unjust enrichment against all Defendants. |
| **Defendants** | No affirmative claims for relief, but deny that Plaintiff is entitled to any relief. In addition, Defendants Rubloff Development Group, Inc. and James P. Flynn assert that this court lacks personal jurisdiction over them. |

882.002\removal.cvr.wpd