IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES ZUBARIK, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * |
| | * |
| RUBLOFF DEVELOPMENT GROUP, | * |
| INC., SUNDOWNER MESA, L.L.C., | * |
| and JAMES P. FLYNN, | * |
| | * |
| Defendants | * |
| | * |
| _____ | * |
| | * |
| SUNDOWNER MESA, L.L.C. | * |
| | *  Civil No. 3:05-CV-1491-H |
| Third-Party Plaintiff | * |
| v. | * |
| | * |
| METSCAN TECHNOLOGIES, L.L.C., | * |
| and OWEN SHULER | * |
| | * |
| Third-Party Defendants | * |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants Rubloff Development Group, Inc. and James P. Flynn's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, and brief in support, filed August 26, 2005; Plaintiff's Response, filed December 16, 2005; and Defendants' Reply, filed January 9, 2006.

For the reasons that follow, the motion is granted as to Defendant James P. Flynn, and denied as to Rubloff Development Group, Inc.

# I. BACKGROUND

This dispute is based on circumstances surrounding the award and administration of a United States Marshals Service contract for the transport of prisoners [the "Mesa Contract"]. Plaintiff alleges that the award of the Mesa Contract to a company associated with Third-Party Defendant Owen Shuler was based on Plaintiff's hard work, reputation, and experience. Plaintiff claims *inter alia* that Defendants, when they allegedly bought the rights to the Mesa Contract and/or conducted its administration, agreed to abide by the valuable terms of his original agreement with Shuler, and then failed to do so. Defendant thus asserts claims for breach of contract, fraud, and unjust enrichment.

On June 21, 2005, this case was filed in the 162 Judicial District Court of Dallas County, Texas. Plaintiff obtained service of process against Defendants by service on the Texas Secretary of State. On July 18, 2005, Defendants specially appeared to contest personal jurisdiction. Plaintiff Charles Zubarik ["Zubarik"] is a citizen of Texas. Defendant Rubloff Development Group, Inc., ["Rubloff"] is an Illinois corporation. Defendant James P. Flynn ["Flynn"] is an individual residing in Virginia. On July 27, 2005, the case was removed to federal court on the basis of complete diversity of the parties. *See* 28 U.S.C. §§ 1441(a), 1332. Defendants Rubloff and Flynn now move for dismissal from the lawsuit for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2).

# II. STANDARD AND ANALYSIS

Upon motion for dismissal under Rule 12(b)(2), a plaintiff bears the burden of establishing a *prima facie* case for the district court's exercise of personal jurisdiction over the moving defendant. *See Wilson v. Berlin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). The district court may consider all

materials in the record, including evidentiary materials, for purposes of its determination. *Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc.,* 963 F.2d 90, 95 (5th Cir. 1992). Factual conflicts must be resolved in favor of the plaintiff. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992).

The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over an out-of-state defendant when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of jurisdiction over that defendant "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945); *see Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir.1999) (noting that because Texas's long-arm statute is coextensive with requirements of the 14th Amendment, the personal jurisdiction analysis collapses into a simple due process inquiry).

The "minimum contacts" prong of the test may be satisfied by proof of either general or specific jurisdiction. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). In this case, Plaintiff attempts no showing of general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (requiring continuous and systematic activity within the state). Accordingly, the Court proceeds with the alternative analysis.

An assertion of specific jurisdiction meets the *International Shoe* due process requirement of minimum contacts only if (1) the out-of-state defendant has "purposefully directed" his or her activities at residents of the forum; and (2) the plaintiff's causes of action "arise out of or relate to" those activities. *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) ("[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum

State are such that he should reasonably anticipate being haled into court there.") (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).  Contacts that are isolated or sporadic may support specific jurisdiction if a substantial connection with the forum state is created.  *Id*.  The contacts, however, must be more than "random, fortuitous, or attenuated." *Id.* at 475-76 & n.18 (internal quotations omitted).  Applying this standard, the Court assesses the circumstances of each of the two movants in turn.

    A.    <u>Defendant Flynn</u>

Defendant Flynn escapes the specific jurisdiction analysis by successfully raising a "fiduciary shield" defense.  Flynn contends that by acting in his capacity as a manager and agent of a defendant corporation, Sundowner Mesa, L.L.C. ["Sundowner"], he is shielded from the Court's exercise of jurisdiction over him as an individual, regardless of the number or quality of his contacts within this state.  The Court agrees.

Under the "fiduciary shield doctrine," an individual's transaction of business while in a state solely as a corporate officer does not invest the state with personal jurisdiction over the individual, even though the state may have *in personam* jurisdiction over the corporation itself.  *Stuart v. Spademan*, 772 F.2d 1185, 1197 & n.11 (5th Cir. 1985) (citing *Lehigh Valley Indus., Inc. v. Birenbaum*, 389 F. Supp. 798, 803-04 (S.D.N.Y.), *aff'd* 527 F.2d 87 (2d Cir. 1975)).  The doctrine does not apply if (1) the corporation is a sham or alter-ego of the individual; or (2) if the individual's personal interests motivate his actions.  *See id.* (discussing the alter-ego exception); *Lewis v. Fresne*, 252 F.3d 352 & n.6 (5th Cir. 2001) (refusing to shield an individual whose fraudulent statements were in furtherance not only of the corporation but also of a personal financial stake) (citing *Darovec Mktg. Group, Inc. v. Bio-Genics, Inc.*, 42 F. Supp. 2d 810, 819 (N.D. Ill. 1999)).  Here,

neither exception is alleged or supported. The record shows only that Flynn acted in his capacity as a corporate manager. Accordingly, the Court declines to exercise jurisdiction over Flynn as an individual.

    B.    <u>Defendant Rubloff</u>

For Defendant Rubloff, a corporate entity, the result is different. Defendant Rubloff moves for dismissal under Rule 12(b)(2) on the primary grounds that it is not liable to Zubarik because it was never a party to any agreement with him. The question before the Court, however, is not whether Zubarik has stated a claim against Rubloff, but whether Rubloff is subject, at the appropriate juncture, to the Court's adjudicating that issue. *See* FED. R. CIV. P. 12(b)(2).

For purposes of a "specific jurisdiction" analysis, Rubloff's contacts with Texas are few but sufficient. It is undisputed that the only face-to-face meetings among the parties occurred not in Texas but in Illinois, Oklahoma, and Arizona. *See* Pl.'s Resp. at 5-7. However, it is equally undisputed that Rubloff knew Zubarik lived and based his operations in Dallas, Texas, and that any communication directed to him would likely be directed there. One or more Rubloff principals participated in multiple telephone conversations with Zubarik while he was in Texas. *See* Pl.'s Exs. A, B. Emails originating from the domain of "rubloffusa.com" were sent to Zubarik regarding the planning and administration of the Mesa Contract. *See* Pl.'s Exs. E, F, G, J. One particular thread of those emails supported Zubarik's hiring of employees in Dallas for the Mesa Contract project. *See id.* Ex. J (discussing potential employee health benefits). Because these communications addressed Zubarik's ongoing role in the Mesa Contract, it can fairly be said that the allegations of fraud and reliance in this case partially arise, if at all, from these continuing communications. Rubloff therefore has sufficient minimum contacts related to the claims at issue for *in personam*

5

jurisdiction to be imposed. *See Lewis*, 252 F.3d at 358-59 (finding personal jurisdiction on the basis of telephone communication out of which a fraud claim arose).

It remains only to decide whether exercising jurisdiction over Rubloff would comport with traditional notions of fair play and substantial justice. *See International Shoe Co.*, 326 U.S. at 316. Defendant Rubloff makes no showing of hardship or undue burden. Plaintiff is a Texas resident who alleges that Rubloff's conduct had a direct impact on his business and, by extension, on the Texas economy. Declining to exercise jurisdiction over Rubloff would result in a forced choice by Plaintiff between incomplete relief and piecemeal litigation. Jurisdiction over Rubloff is thus neither unfair nor unjust. *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102 (1987) (setting out the framework for analysis); *World-Wide Volkswagen Corp.*, 444 U.S. at 292 (same). With regard to Rubloff, Plaintiff has carried his burden of establishing *in personam* jurisdiction.

### III.  CONCLUSION

For the reasons given above, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED IN PART AND DENIED IN PART**. Defendant James P. Flynn is **DISMISSED** from this case without prejudice, for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). Defendants' motion is in all other things **DENIED**.

SO ORDERED.

DATED: March 31, 2006.

BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS