IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| CHARLES ZUBARIK, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| RUBLOFF DEVELOPMENT GROUP, | * | |
| INC., and SUNDOWNER MESA, | * | |
| L.L.C., | * | |
| | * | |
| Defendants | * | |
| | * | |
| _____ | * | |
| | * | |
| SUNDOWNER MESA, LLC | * | Civil No. 3:05-CV-1491-H |
| | * | |
| v. | * | |
| | * | |
| METSCAN TECHNOLOGIES, L.L.C., | * | |
| and OWEN SHULER | * | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Third-Party Defendants' Motion to Dismiss, and supporting brief and appendix, filed April 3, 2006; Defendant [Third-Party Plaintiff] Sundowner Mesa's Response to Motion to Dismiss, and supporting brief and appendix, filed April 24, 2006; and Third-Party Defendants' Brief in Reply, filed May 9, 2006.

**I. Background**

This diversity action is based on circumstances surrounding the award and administration of a United States Marshals Service contract for the transport of prisoners [the "Mesa Contract"]. Plaintiff Charles Zubarik alleges that the award of the Mesa Contract to Metscan Technologies, L.L.C. ["Metscan"], a company owned in its majority by Third-Party Defendant Owen Shuler, was

a result of Zubarik's hard work, reputation, and experience. Zubarik further claims that Shuler agreed to compensate him for securing and administering the Mesa Contract ["Compensation Agreement"]. In October 2004, Shuler transferred some or all of the rights associated with the Mesa Contract to an alleged predecessor entity of Defendants Sundowner Mesa, L.L.C. ["Sundowner"] and/or Rubloff Development Group, Inc. ["Rubloff"] by means of a Unit Purchase Agreement ["Purchase Agreement"]. On June 21, 2005, Zubarik filed this case in the 162nd Judicial District Court of Dallas County, Texas, against Rubloff and Sundowner for allegedly promising, and then failing, to abide by the original terms of his Compensation Agreement with Shuler. In the Complaint, Zubarik asserts claims against Rubloff and Sundowner for breach of contract, fraud, and unjust enrichment.

On July 27, 2005, the lawsuit was removed to federal court on the basis of complete diversity of the parties. *See* 28 U.S.C. §§ 1441(a), 1332. On February 15, 2006, Defendant Sundowner filed a third-party complaint against Shuler and Metscan, alleging breach of contract, fraud, and indemnification. The gravamen of the third-party action is that Shuler and Metscan wrongfully failed to disclose the existence of the alleged Compensation Agreement before executing the Purchase Agreement. Third-Party Defendants Shuler and Metscan now move for dismissal from the lawsuit for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2).

## II. Analysis

A.  <u>Standard for Personal Jurisdiction Analysis</u>

Upon motion for dismissal under Rule 12(b)(2), a plaintiff bears the burden of establishing a *prima facie* case for the district court's exercise of personal jurisdiction over the moving defendant. *See Wilson v. Berlin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *WNS, Inc. v.*

*Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). The district court may consider all materials in the record, including evidentiary materials, for purposes of its determination. *Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc.,* 963 F.2d 90, 95 (5th Cir. 1992). Factual conflicts must be resolved in favor of the plaintiff. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992).

The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over an out-of-state defendant when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of jurisdiction over that defendant "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945); *see Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir.1999) (noting that because Texas's long-arm statute is coextensive with requirements of the 14th Amendment, the personal jurisdiction analysis collapses into a simple due process inquiry).

The "minimum contacts" prong of the test may be satisfied by proof of either general or specific jurisdiction. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). General jurisdiction may be asserted only on a showing of a defendant's continuous and systematic activity within the state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). In contrast, an assertion of specific jurisdiction meets the *International Shoe* due process requirement if (1) the out-of-state defendant has "purposefully directed" his or her activities at residents of the forum; and (2) the plaintiff's causes of action "arise out of or relate to" those activities. *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) ("[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should

reasonably anticipate being haled into court there.") (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Contacts that are isolated or sporadic may support specific jurisdiction if a substantial connection with the forum state is created. *Id*. The contacts, however, must be more than "random, fortuitous, or attenuated." *Id.* at 475-76 & n.18 (internal quotations omitted).

With these standards in mind, the Court turns to an analysis of the present motions.

A.   <u>Third-Party Defendant Metscan</u>

Third-party defendant Metscan moves for dismissal on grounds that it lacks sufficient contacts with Texas for personal jurisdiction to be imposed. Third-party plaintiff Sundowner establishes, however, that Metscan's opposition to personal jurisdiction has been waived by contractual consent.

The right to assert a court's lack of personal jurisdiction is subject to waiver, and a litigant may give express or implied consent to the personal jurisdiction of any court. *Burger King Corp.*, 471 U.S. at 473 n.14 (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982)). Here, Sundowner's claims against Metscan arise, if at all, from the Purchase Agreement executed on October 5, 2004. Under the contract's express terms, Metscan agreed to "consent to the non-exclusive jurisdiction *of any court* in which a Proceeding is brought against [Sundowner,] for purposes of any claim that [Sundowner] may have under this Agreement with respect to such Proceeding or the matters alleged therein." Agr. at 3 (emphasis added). Sundowner has made a *prima facie* showing that the causes of action in the present lawsuit brought by Zubarik against Sundowner fit squarely into that provision. Although the Purchase Agreement contains a forum selection clause specifying Georgia and Illinois, that clause is clearly permissive rather than

mandatory and does not affect the waiver. *See* Agr. ("Any action of proceeding seeking to enforce any provision of . . . this Agreement *may be brought* against any of the parties in the courts of . . . Georgia . . . or Illinois.") (emphasis added); *see also City of New Orleans v. Municipal Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004) (distinguishing between mandatory and permissive forum selection clauses), *cert. denied*, 543 U.S. 1187 (2005). For purposes of this case, Metscan has consented to jurisdiction in the Northern District of Texas.

B.      Defendant Shuler

Third-Party Defendant Owen Shuler moves for dismissal for lack of personal jurisdiction on grounds of (1) the fiduciary shield doctrine; and alternatively (2) insufficient contacts with the state. Neither ground prevails.

1.      Fiduciary Shield Doctrine

In support of the first ground for dismissal, Shuler argues that because all of his contacts with Texas for the Mesa Contract and the Compensation Agreement were made on behalf of Metscan as its manager, he is exempted from this Court's jurisdiction by the fiduciary shield doctrine. Under the fiduciary shield doctrine, an individual's transaction of business while in a state solely as a corporate officer does not invest the state with personal jurisdiction over the individual, even though the state may have *in personam* jurisdiction over the corporation itself. *Stuart v. Spademan*, 772 F.2d 1185, 1197 & n.11 (5th Cir. 1985) (citing *Lehigh Valley Indus., Inc. v. Birenbaum*, 389 F. Supp. 798, 803-04 (S.D.N.Y.), *aff'd* 527 F.2d 87 (2d Cir. 1975)). The doctrine does not apply, however, if (1) the corporation is a sham or alter-ego of the individual; or (2) if the individual's personal interests motivate his actions. *See id.* (discussing the alter-ego exception); *Lewis v. Fresne*, 252 F.3d 352, 359 n.6 (5th Cir. 2001) (refusing to shield an individual whose

fraudulent statements were in furtherance not only of the corporation but also of a personal financial stake) (citing *Darovec Mktg. Group, Inc. v. Bio-Genics, Inc.*, 42 F. Supp. 2d 810, 819 (N.D. Ill. 1999)).

In this case, Sundowner makes out a *prima facie* case that Shuler personally owns a majority share in Metscan; and that Shuler unilaterally exercised control over and profited, to the exclusion of the minority Metscan owner, from the transfer of the Mesa Contract rights central to this dispute. *See* 3PP Exhs. E, F.  The personal interest is palpable, and the fiduciary shield doctrine does not apply.  *See Lewis*, 252 F.3d at 359; *Stuart*, 772 F.2d at 1197.

    2.    Specific Jurisdiction

Shuler next argues that his contacts with Texas do not support specific jurisdiction.  The Court disagrees.

This third-party action does not arise solely, as Sundowner proposes, from the Purchase Agreement between Sundowner and Metscan, but also from the disputed validity of the underlying Compensation Agreement between Shuler and Zubarik, for which Sundowner seeks indemnity. With regard to the Compensation Agreement, which the Court must for these purposes accept as a valid contract,[1] Sundowner makes sufficient showing of the following jurisdictional facts. The Compensation Agreement was negotiated, at least in part, by Shuler while he was physically present in Texas.  Shuler sent payments to Zubarik in Texas.  Shuler participated in the vast majority of more than one hundred telephone, fax, and email communications with Zubarik while Zubarik was in

---

[1] Metscan argues that Sundowner itself denies that the Compensation Agreement is valid, and therefore that Sundowner cannot rely on the Agreement's validity to support personal jurisdiction over Shuler and Metscan.  The assertions in the main and third-party actions are pleas in the alternative, however, allowed under the federal rules and construed independently. *See* FED. R. CIV. P. 8(e)(2).

Texas. *See* 3PP Exhs. E, E-1. The preceding contacts alone might well be insufficient. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004). However, the analysis continues. Under the Compensation Agreement, Zubarik was to maintain an office and hire employees in Texas, where the Mesa Contract was to be administered. Performance of the Agreement would thus take place in substantial part in this state. *See Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1205-06 (5th Cir. 1993) ("The place where the contract is performed is a weighty consideration in ascertaining whether or not specific jurisdiction is properly exercised.") (internal quotations omitted), *cert. denied*, 510 U.S. 1116 (1994).

Under all of these circumstances, the Court finds that Zubarik purposefully directed his activity into Texas for the Compensation Agreement; and that he has availed himself of the benefits and protections of this state. *See Burger King v. Rudzewicz*, 471 U.S. at 472 (1985). Had Zubarik sued Shuler directly over the Compensation Agreement, the requisite minimum contacts would certainly have been found. *See Polythane Sys., Inc.*, 993 F.2d at 1206. Sundowner's indemnification, breach of contract, and fraud claims arise, if at all, out of the validity of the Compensation Agreement and Shuler's alleged failure to disclose it before transferring rights to the Mesa Contract. Contacts arising from the Compensation Agreement are thus sufficiently "related to" the causes of action in this case to support jurisdiction.

Moving to the second prong of the jurisdictional inquiry, the Court finds that exercising jurisdiction over Shuler in Texas would comport with traditional notions of fair play and substantial justice. *See International Shoe Co.*, 326 U.S. at 316. Shuler makes no showing of hardship or undue burden to defend a lawsuit here. His documented trips to Texas on business argue to the contrary.[2]

---

[2] The minority owner of Metscan resides and works in Texas. *See* 3PP Exh. F.

*See* 3PP Exh. E, F. Zubarik is a Texas resident who alleges that Shuler made promises having a direct impact on his business and thus the Texas economy. Declining to exercise jurisdiction over Shuler would force Defendant/Third-Party Plaintiff Sundowner to litigate the same core facts in two different fora, with potentially inconsistent results. Jurisdiction over Shuler is thus neither unfair nor unjust. *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102 (1987) (setting out the framework for analysis); *World-Wide Volkswagen Corp.*, 444 U.S. at 292 (same). Sundowner has carried its burden of establishing a *prima facie* case for this Court's exercise of personal jurisdiction over Shuler.

### III. Conclusion

For the reasons given above, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**. *See* FED. R. CIV. P. 12(b)(2). This case will proceed according to the Scheduling Order currently in effect.

SO ORDERED.

DATED: September 18, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

8