IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES ZUBARIK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RUBLOFF DEVELOPMENT GROUP, | § | |
| INC., SUNDOWNER MESA, LLC, and | § | Civil No. 3-05-CV-1491 |
| JAMES P. FLYNN, Individually, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| METSCAN TECHNOLOGIES, | § | |
| LLC and OWEN SHULER, | § | |
| | § | |
| Third-Party Defendants. | § | |

## DEFENDANT SUNDOWNER MESA, LLC'S REPLY TO THIRD-PARTY DEFENDANT METSCAN TECHNOLOGIES, INC.'S COUNTERCLAIM

TO THE HONORABLE BAREFOOT SANDERS:

COMES NOW Defendant and Third-Party Plaintiff Sundowner Mesa, LLC ("Sundowner") and, pursuant to Rule 12(a)(2) of the Federal Rules of Civil Procedure, files this reply to the counterclaims asserted by Third-Party Defendant Metscan Technologies, LLC ("Metscan"). In support thereof, Sundowner respectfully submits the following:

I.

## Counterclaims of Metscan Technologoies, Inc.

**A.     Request for Declaratory Judgment.**

1. Sundowner admits the allegations in paragraph 1 of Metscan's counterclaims.

2. Sundowner denies that Metscan is entitled to declaratory relief under 28 U.S.C. §2201 *et seq.* for the reason that: i) Metscan expressly agreed that the Unit Purchase Agreement (the "Agreement") will be governed by the laws of the State of Illinois; and ii) even if Metscan could assert a claim for declaratory relief pursuant to 28 U.S.C. §2201 *et seq.*, it is not permissible where, as here, the declaratory relief sought by Metscan is already before the court by way of Sundowner's cross-claim and Metscan's defenses. Sundowner further denies that Metscan is entitled to declaratory relief under Illinois law for the reason that: i) the declaratory relief sought by Metscan is already before the court by way of Sundowner's cross-claim and Metscan's defenses; and ii) Illinois law precludes a declaration of non-liability for past conduct, which is precisely the relief sought by Metscan. Sundowner admits Sundowner is the successor-in-interest to Sundowner Air, LLC under the Agreement. Sundowner is without sufficient information to admit or deny whether Metscan had a contract with Plaintiff Charles Zubarik ("Zubarik") that should have been disclosed under the Agreement, but states that Zubarik has initiated this lawsuit claiming such a contract which, if true, would have required disclosure by Metscan under the Agreement and, therefore, Sundowner denies the remainder of Metscan's allegations in paragraph 2 of its counterclaims.

**B.   Breach of Duties, Including Breach of Promises and Breach of Covenant of Good Faith and Fair Dealing.**

3.   Sundowner is without sufficient information to admit or deny the allegations of paragraph 3 of Metscan's counterclaims, but notes that Zubarik has initiated this lawsuit contending that Zubarik and Metscan entered into a contract prior to the execution of the Agreement which, if true, should have been, but was not, disclosed to Sundowner and, therefore, Sundowner denies.

4.   Sundowner denies the allegations contained in paragraph 4 of Metscan's counterclaims.

5.   Sundowner denies the allegations contained in paragraph 5 of Metscan's counterclaims.

6.   Sundowner denies the allegations contained in paragraph 6 of Metscan's counterclaims.

**C.   Attorneys' Fees.**

7.   Sundowner denies the allegations contained in paragraph 7 of Metscan's counterclaims.

**D.   Prayer.**

8.   Sundowner denies the allegations contained in the prayer for relief for Metscan's counterclaims.

II.

Affirmative Defenses

**A.   First Affirmative Defense.**

9.   Metscan's claims for affirmative relief are barred for the reason that they fail

to state a claim against Sundowner upon which relief may be granted.

### B. Second Affirmative Defense.

10. Metscan's claims are barred, in whole or in part, by the doctrine of waiver.

### C. Third Affirmative Defense.

11. Metscan's claims are barred, in whole or in part, by the doctrine of estoppel.

### D. Fourth Affirmative Defense.

12. Metscan's claims are barred, in whole, or in part, for the reason that Metscan materially breached the terms of the Agreement.

### E. Fifth Affirmative Defense.

13. Metscan's claims are barred, in whole, or in part, for the reason that Metscan's claims are moot.

### F. Sixth Affirmative Defense.

14. Metscan's claims are barred, in whole, or in part, by the statute of frauds.

### G. Seventh Affirmative Defense.

15. Metscan's claims are barred, in whole, or in part, by fraud in the inducement.

### H. Eighth Affirmative Defense.

16. Metscan's claims are barred, in whole, or in part, by the failure of consideration.

### I. Ninth Affirmative Defense.

17. Metscan's claims are barred, in whole, or in part, for the reason that Metscan has failed to comply with all conditions precedent to recovery, including, but not limited to, deficiencies in Metscan's pleadings.

**J.    Tenth Affirmative Defense.**

18.    Metscan's claims are barred, in whole, or in part, by the doctrine of privilege.

**K.    Eleventh Affirmative Defense.**

19.    Metscan's claims are barred, in whole, or in part, by the doctrine of absolute privilege.

**L.    Twelfth Affirmative Defense.**

20.    Metscan's claims are barred, in whole, or in part, by the *Noerr-Pennington* doctrine.

**M.    Thirteenth Affirmative Defense.**

21.    Metscan's claims are barred, in whole, or in part, because they are not authorized by the law governing the Agreement.

III.

Prayer

WHEREFORE, premises considered, Sundowner respectfully requests that the Court deny Metscan any and all affirmative relief sought in its counterclaim and to award Sundowner attorneys' fees, costs of court and any and all other relief to which Sundowner may show itself justly entitled.

Respectfully submitted,

/s/ Robert F. Maris
Robert F. Maris
State Bar No. 12986300
Michael J. McKleroy, Jr.
State Bar No. 24000095
MARIS & LANIER, P.C.
10440 N. Central Expressway
1450 Meadow Park, LB 702
Dallas, Texas 75231
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR DEFENDANT
SUNDOWNER MESA, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on the 31st day of October, 2006, to:

Peter J. Harry
David A. Buono
BROWN MCCARROLL L.L.P.
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
**VIA CERTIFIED MAIL RECEIPT
NO. 7006 0100 0001 3490 7895**

Kenneth Biermacher
Jeffrey Tasker
KANE RUSSELL COLEMAN & LOGAN, P.C.
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
**VIA CERTIFIED MAIL RECEIPT
NO. 7006 0100 0001 3490 7888**

Richard L. Brittain
Kevin C. Watters
BIRD LOECHL BRITTAIN & MCCANTS, LLC
1150 Monarch Plaza
3414 Peachtree Road
Atlanta, Georgia 30326
**VIA CERTIFIED MAIL RECEIPT
NO. 7006 0100 0001 3490 7901**

/s/ Robert F. Maris
Robert F. Maris

882.002\answer-cc.org.wpd